BELSOME, J.,
Dissents with reasons.
| ,This is an appeal from the granting of summary judgment in favor of Hopeman Brothers and the Falgousts on the issue of the existence of an agreement to defend and indemnify between Hopeman Brothers and Northrop Grumman (hereinafter Avondale). As the majority discussed, in opposition to the motion for summary judgment, Avondale presented a partial copy of a contract, between Avondale and Hopeman Brothers, including an excerpt from an appendix to that contract. Avon-dale argued that the documents were sufficient to create a genuine issue of fact regarding the existence of a contractual agreement of defense and indemnity and therefore summary judgment should be denied. The trial court found that the documents were not properly authenticated and therefore could not be considered. Without any other evidence to oppose the motion, the motion for summary judgment was granted.
In light of this Court’s denial of the joint motion to supplement the record, the documents that were the subject of that motion cannot factor into our decision. This Court reviews the granting of a motion for summary judgment de novo, lousing the same criteria applied by the trial courts to determine whether the summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 c/w 99-2257, (La.2/29/00), 755 So.2d 226, 230. Accordingly, our scope of review is limited to the evidence that was submitted to the trial court.
As such, the real issue before this Court is whether the trial court abused its discretion in determining that the document submitted in opposition to the summary judgment was inadmissible. It is well settled that a trial court’s ruling to admit or exclude evidence is allowed great discretion and will not be reversed unless there has been an abuse of that discretion. Jemison v. Timpton, p. 3 (La.App. 4 Cir., 5/6/10), 38 So.3d 1021 (citing Miller v. Southern Baptist Hospital, 2000-1352, p. 5 (La.App. 4 Cir. 11/21/01), 806 So.2d 10, 15).
In the instant case, the documents presented were a copy of an excerpt from a contract between Hopeman Brothers and Avondale. “A duplicate is admissible to the same extent as an original unless: (3) The original is a testament offered for probate, a contract on which the claim or defense is based, or is otherwise closely related to a controlling issue.” La. C.E. art. 1003(3) [emphasis added]. Further, although some of the pages were dated, the pages of the appendix were out of sequence and undated. Subsequently, Avondale filed an untimely affidavit from its Custodian of Records, Stephen M. Robinson, in an effort to authenticate the documents. Mr. Robinson attested to the fact that the documents were found among the archival business records of Avondale. However, the trial court found the affidavit insufficient to authenticate the documents. Thus, Avondale had no evidence to support its opposition to the summary judgment.
Considering the trial court’s vast discretion when ruling on evidentiary issues, the incomplete state of the document, and the untimely filed affidavit I would affirm the granting of the summary judgment.